IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                Case No. 1:25mj28-MAL

CEMHAN "JIMMY" BIRICIK,
        Defendant.
_____/

## ORDER GRANTING MOTION FOR PRE-TRIAL DETENTION

Defendant Cemhan "Jimmy" Biricik came before the Court yesterday for an initial appearance. The appearance was continued until today to allow time for Defendant to hire an attorney.

The Court held a hearing today on the Government's Motion for Pre-Trial Detention. ECF No. 3. Both sides proceeded by proffer. At the conclusion of the hearing, the Court found and announced that Defendant must be detained because the Government showed by a preponderance of the evidence that there is a serious risk that Defendant will flee (18 U.S.C. § 3142(f)(2)(A)) and that no conditions or combinations of conditions will reasonably assure his presence as required (18 U.S.C. § 3142(e)(1)). This order provides additional reasons for granting the Government's motion.

Regarding the serious risk of flight, the Government showed that Defendant has motive, means, and the ability to flee. In particular, the healthcare fraud alleged

in the indictment exceeds $500 million. The estimated sentencing guideline range for the offenses is 188-235 months. The length of the potential sentence gives Defendant a strong motive to flee.

Furthermore, Defendant personally was estimated to have received $50 million in fraudulent funds. Although some of Defendant's property and funds have been seized, approximately $40 million remains unaccounted. The unaccounted funds give Defendant ample means to flee.

Defendant also has the ability to flee. Defendant is a U.S. citizen, but he has significant ties to Turkey. His father and aunt live in Turkey, and Defendant had plans to fly to Turkey next week to visit with his aunt, who is gravely ill. Defendant has also traveled internationally to Cancun, London, Singapore, and Costa Rica. Defendant and his wife both have student pilot licenses. They had a private jet, which was seized. But they have familiarity with private jet travel.

The Government's proffer was more than sufficient to show by a preponderance of the evidence that Defendant poses a serious risk of flight.

In determining whether there are any conditions or combinations of conditions that will reasonably assure Defendant's appearance as required, the Court considered the factors set out in 3142(g)(1)-(4).

1.    **Nature and circumstances of the offense charged**

Defendant is not charged with a crime of violence. However, the fraudulent scheme in this case was extensive, starting around September 2021 and continuing to the present. Multiple complaints had been received about the fraud occurring at Fast Lab Technologies, LLC, where Defendant serves as the sole member and Chief Executive Officer. As noted previously, the amount of fraudulent funds that is estimated to have accrued to Defendant is $50 million. This factor adds to Defendant's risk of nonappearance.

2.    **Weight of the evidence**

The weight of the evidence includes consideration of both the strength of the case against defendant and the evidence of his dangerousness. *United States v. Centeno-Rojas,* No. 3:24CR67-TKW, 2024 WL 3905043, at *2 (N.D. Fla. Aug. 22, 2024). The Court does not find that Defendant poses a clear and convincing danger to the community that cannot be attenuated by conditions. However, the weight of the evidence indicates Defendant had knowledge of the fraudulent activities and willfully engaged in them based on his role as Fast Labs' sole member and CEO, the length of the fraud going back to 2021, the prior complaints, and the $50 million Defendant was estimated to have received.  This factor adds to Defendant's risk of nonappearance.

3. **History and characteristics of the Defendant**

Defendant's history and characteristics includes consideration of his criminal history, ties to the community, employment, and substance abuse. The Defendant does not have a criminal history and there is no indication of substance abuse. He has strong ties to Florida. He has lived in Florida since age 4. He lives in Florida with his wife and three children. His mother also lives in Florida.

Balancing against his local ties, Defendant has strong ties to Turkey. He was born in Turkey. His father and aunt live in Turkey. And he was scheduled to travel to Turkey next week. It appears Defendant would be better able to maintain ties to his family if he fled to Turkey, as opposed to being sent to prison in the United States. This factor, on balance, adds to his risk of nonappearance.

4. **Nature and seriousness of the danger posed by release**

Any danger posed to the community by Defendant's release could be addressed by conditions. But he presents a strong danger of flight that cannot reasonably be addressed by conditions.

An electronic monitor can easily be removed. Surrender of Defendant's passport would not pose a significant obstacle to flight because a person with Defendant's means can obtain a fraudulent passport. Defendant's familiarity with international travel would also make it easy for him to travel outside of the United

States. From many places, including Turkey, extradition can be difficult or impossible. This factor strongly adds to Defendant's risk of nonappearance.

In conclusion, the Court finds that Defendant must be detained. The Government has shown by a preponderance of the evidence that he poses a serious risk of flight and that no conditions or combination of conditions will reasonably assure his presence as required. According, the Government's Motion for Pre-Trial Detention (ECF No. 3) is granted. It is ORDERED:

> Pending trial, Defendant is committed to the custody of the Attorney General, or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 1st day of August, 2025.

s/ *Midori Lowry*
Midori Lowry
United States Magistrate Judge